UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----

UNITED STATES OF AMERICA,

    -versus-

GILBERTO DEJESUS GUTIERREZ MIRANDA,

        Defendant.

11 Cr. 456 (LAP)

ORDER

----

LORETTA A. PRESKA, SENIOR UNITED STATES DISTRICT JUDGE:

    Before the Court is Defendant Gilberto Dejesus Gutierrez Miranda's renewed motion for bail due to the COVID-19 pandemic.  (Dkt. no. 51.)  For the reasons set out below, the motion is denied.

    I.    **Background**

    Between approximately 2009 and 2011, the Drug Enforcement Administration ("DEA") conducted an investigation into a drug trafficking organization run by Defendant that transported large amounts of heroin into the United States.  The heroin was processed and distributed in the New York City area.  In the course of the investigation, the DEA seized multiple kilograms of heroin and tens of thousands of dollars in cash, including approximately $37,000 seized from Defendant and his wife in or around March 2010, when they were flying from JFK to the Dominican Republic.  The DEA's investigation was in cooperation with several local police departments and involved wiretaps on

which Defendant was intercepted directing his coconspirators to arrange drug transactions and set up transfers of cash that was the proceeds of drug trafficking.

While several of Defendant's co-conspirators were arrested in 2011, he remained at large for almost ten years until he was arrested after a random currency inspection at John F. Kennedy International airport in February of 2020.  At his March 2020 bail hearing, the Court found that he had not rebutted the presumption of detention, and he was remanded.  Defendant now renews his application for bail based on the COVID-19 pandemic.

Defendant is 49 years old and has suffered from bronchitis and broncospasms in the past.  He also suffered from high blood pressure and is obese.

## II.  Applicable Law

Under the Bail Reform Act, a defendant shall be detained pending trial if "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community."  18 U.S.C. § 3142(e)(1).  The Government bears the burden of proof as to risk of flight by a preponderance of the evidence, and as to danger to the community by clear and convincing evidence.  18 U.S.C. § 3142(f); see United States v. Sabhnani, 493 F.3d 63, 75 (2d Cir. 2007). Where, as here, the charge is a controlled substance offense with a maximum term of imprisonment of ten

years or more, a rebuttable presumption arises that there are no conditions that will reasonably assure the defendant's appearance and the safety of the community.  18 U.S.C. § 3142(e)(3).

When a defendant has been ordered detained pending trial, the "judicial officer may, by subsequent order, permit the temporary release of the person, in the custody of the United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason."  18 U.S.C. § 3142(i).

Courts in this District and elsewhere have recognized, in the course of evaluating bail applications made during the current pandemic, that the determination of whether there is a "compelling reason" for a defendant's release under this provision requires the court to "balance the reasons advanced for such release against the risks [of danger to the community and/or flight] that were previously identified and resulted in an order of detention.  In turn, whether temporary release under § 3142(i) is proper requires the individualized analysis of the facts of each case."  United States v. Chambers, No. 20 Cr. 135 (JMF), Dkt. No. 70 (S.D.N.Y. Mar. 31, 2020) (Furman, J.); United States v. Conley, No. 19 Cr. 131 (PAE), Dkt. No. 366 (S.D.N.Y. Mar. 31, 2020) (Engelmayer, J.).

Courts have generally recognized that "it is a rare case in which health conditions present an 'exceptional reason'" to allow for release where otherwise detention would be warranted. United States v. Wages, 271 F. App'x 726, 728 (10th Cir. 2008); see also United States v. Hunter, No. 13 Cr. 521 (LTS), 2014 WL 6632965, at *2 (S.D.N.Y. Nov. 24, 2014) (noting that appropriate bail considerations must "implicate the core issues of flight risk and danger to the community"); United States v. Nelson, No. 18 Cr. 044 (RJA) (HKS), 2018 WL 2928034, at *4 (W.D.N.Y. June 12, 2018) (reasoning that while "[t]he Court is sympathetic" to the defendant's poor health and "understands that it is more difficult for the Defendant to obtain appropriate medical treatment in prison," "[t]he Court is not persuaded that the Defendant's poor health has any significant bearing on the potential danger his release would pose").

Additionally, where, as here, a detention hearing has previously been held, the hearing may be re-opened "if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue of whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community."  18 U.S.C. § 3142(f).

### III. Discussion

This is not the "rare case" where health conditions present an "exceptional reason" warranting release where detention would otherwise be warranted. United States v. Wages, 271 F. App'x at 728. While Defendant's health conditions might somewhat aggravate his condition were he to contract the virus, the BOP has taken numerous steps to minimize the chances of transmission. More importantly, any health risk that might be presented to Defendant pales in comparison to the danger his release would pose to the community and his risk of flight.

Defendant continues to pose a serious danger to the community. He was the leader and organizer of a heroin trafficking organization that transported and then distributed a significant amount of heroin--an inherently dangerous drug--in the New York City area. As the senior member of the organization, Defendant was not the one carrying out the orders, he was the one giving them. As the Court found during the March 27, 2020 bail hearing, Defendant is charged with a crime that poses a significant danger to the community.

Defendant also remains a significant flight risk. His charges carry a mandatory minimum of ten years' imprisonment and a maximum term of imprisonment of life. The evidence against him is strong and includes his own recorded statements. Additionally, Defendant remained at large for nearly a decade after he was charged, although the DEA was looking for him throughout that time.

Defendant is undocumented and therefore subject to removal. While he was at large, Defendant was using multiple fake identities to avoid detection, including in the name "Efren Arroyo Morales." When he was arrested at JFK, Defendant told law enforcement agents that he had repeatedly left the United States during the past several years and reentered the United States without inspection by walking over the southern border, where he would meet his wife who would then drive him to New York. Given the prospect of a long period of jail in his future, Defendant has a strong incentive to use experience using fake identities and traveling across the border without detection to flee rather than remain to face serious criminal charges.

Accordingly, Defendant has not overcome the presumption against release.

## IV. Conclusion

For the reasons set out above, Defendant's request for bail (dkt. no. 51) is denied.

SO ORDERED.

Dated:  June 30, 2020
        New York, New York

_____
LORETTA A. PRESKA, U.S.D.J.